1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   FREDERICK JONES, SR.,

11                Petitioner,              No. 2:11-cv-3047-JAM-JFM (HC)

12        vs.

13   MATTHEW CATE,

14                Respondent.       <u>FINDINGS & RECOMMENDATIONS</u>

15   _____/

16        Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of

17   habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the court is respondent's motion to

18   dismiss.  Petitioner opposes the motion.

19                      RELEVANT BACKGROUND

20        In the petition filed on November 17, 2011, petitioner challenges the Lassen

21   County Superior Court's dismissal of his civil complaint for damages in which he set forth

22   claims for slander, breach of contract, general negligence, and intentional tort.  He also asserts

23   that the California Court of Appeal, Third Appellate District, and the California Supreme Court

24   improperly reviewed and denied his appeal.

25   /////

26   /////

DISCUSSION

Respondent challenges the petition on the ground that petitioner's claim "does not present any real possibility that his federal constitutional rights were violated, or show that he challenges the fact or duration of his confinement."

Petitioner opposes the motion by arguing that the state courts' decisions were based on an unreasonable determination of the facts in light of the evidence presented, in violation of petitioner's due process rights.

"'Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983.  Challenges to the lawfulness of confinement or to particulars affecting its duration are the province of habeas corpus.'"  Hill v. McDonough, 547 U.S. 573, 579 (2006) (quotation and citation omitted).  "An inmate's challenge to the circumstances of his confinement, however, may be brought under § 1983."  Id.

Claims that a state law or regulation has been violated or improperly applied are not generally cognizable on federal habeas review.  Estelle v. McGuire, 502 U.S. 62, 67 (1991) ("[F]ederal habeas corpus relief does not lie for errors of state law.") (internal citation omitted).  "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state law questions."  Id. at 68.  The purpose of federal habeas review, rather, is to determine whether the federal constitution or laws have been violated.  Id.  Only egregious state law errors rise to the level of federal constitutional due process violations.  See id. at 72.

Finally, the basic scope of habeas corpus is prescribed by statute.  Subsection (c) of Section 2241 of Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution."  28 U.S.C. § 2254(a) states that the federal courts shall entertain a petition for writ of habeas corpus only on the ground that the petitioner "is in custody in violation of the Constitution or laws or treaties of

the United States.  28 U.S.C. §§ 2254(a) (2241(c) (3); <u>Williams v. Taylor</u>, 529 U.S. 362, 375 n.7 (2000); <u>Wilson v. Corcoran</u>, 131 S. Ct. 13, 16 (2010); <u>see</u> <u>also</u> Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court.

Here, while petitioner purports to bring a due process claim related to the denial of his state complaint, petitioner's claim is improper in this habeas petition as he does not challenge the fact or duration of his confinement.

Accordingly, IT IS HEREBY RECOMMENDED that respondent's motion to dismiss be granted and the petition for writ of habeas corpus be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 18, 2012.


UNITED STATES MAGISTRATE JUDGE

/014;jone3047.mtd

3